UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAISI ALO**                                              **CIVIL ACTION**

**VERSUS**                                                 **NO. 09-3365**

**STEVEN RADER, WARDEN**                                   **SECTION: "I"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. §2254(e)(2). Accordingly, it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## I. PROCEDURAL HISTORY

Petitioner, Taisi Alo, is a state prisoner currently incarcerated in the Dixon Correctional Center, Jackson, Louisiana. On April 16, 2003, petitioner was charged by bill of information with possession of alprazolam in violation of LSA-R.S. 40:969(C). Petitioner pled not guilty and filed several pretrial motions,

including a motion to suppress the evidence, which was denied prior to trial. Petitioner proceeded to trial on October 20, 2003, and a six-person jury found him guilty as charged on October 21, 2003. On December 3, 2003, the district court sentenced petitioner to five years incarceration at hard labor.

On January 22, 2004, the State filed a multiple offender bill of information against petitioner, alleging that petitioner was a fourth-felony offender based upon two earlier Louisiana convictions for violations of the controlled dangerous substance law, LSA-R.S. 40:966(A), and one earlier Louisiana conviction for first degree robbery in violation of LSA-R.S. 14:64.1. Petitioner subsequently filed a motion to quash the State's multiple offender bill of information.

While the State's multiple offender bill of information was pending before the state district court, petitioner appealed his conviction and five-year sentence. On October 12, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence, but remanded the matter with instructions that the trial court was to provide petitioner with notice of his two-year prescriptive period for seeking post-conviction relief. State v. Alo, 886 So.2d 1130 (La. App. 5 Cir. 2004). On March 24, 2005, the Louisiana Supreme Court denied petitioner's writ application. State v. Alo, 896 So.2d 1035 (La. 2005).

On June 15, 2005, the state district court conducted a hearing

on the State's multiple bill and on petitioner's motion to quash the multiple bill.  Although the multiple bill set forth three Louisiana guilty pleas as the predicate convictions, the three predicate convictions presented at the hearing included a burglary conviction from Hawaii and two Louisiana convictions for violations of the controlled dangerous substance laws.  On November 16, 2005, the district court ruled that the Hawaii conviction could not be used for the purpose of finding petitioner to be a multiple offender.[1]

On November 17, 2005, the State filed a second habitual offender bill of information against petitioner alleging, once again, that petitioner was a fourth-felony offender, but replacing one of the original Louisiana predicate convictions with the Hawaii conviction for first degree burglary.  The State also filed a writ application with the state appellate court challenging the district court's ruling excluding the Hawaii conviction.  In connection with this writ application, "[t]he State included only the second habitual offender bill ... for [the state appellate court's] review."  State v. Alo, 984 So.2d 877, 879 (La. App. 5 Cir. 2008).

On January 13, 2006, the Louisiana Fifth Circuit Court of Appeal "granted the State's writ to set aside the district court's November 16, 2005 ruling, and remanded the case for further proceedings".  Id.  The state appellate court found "that the State

---

[1] See State rec., vol. 3 of 7, p. 9.

3

has met its burden of proving the validity of defendant's predicate conviction from Hawaii". State v. Alo, No. 05-KH-1001 (La. App. 5 Cir. 1/13/06) (unpublished opinion).[2]

On March 14, 2006, pursuant to the appellate court's remand, the district court sentenced petitioner as a fourth-felony offender to twenty years incarceration.[3] Petitioner appealed the district court's sentencing.

In its opinion on appeal, the Louisiana Fifth Circuit observed that there was "nothing in the record" reflecting that the trial court, in its March 14, 2006 sentencing hearing, "ruled on the sufficiency of the evidence as it related to the adjudication of defendant as a multiple offender." State v. Alo, 948 So.2d 275, 278 (La. App. 5 Cir. 2006). The appeals court further observed that the trial court's November 16, 2005 order "simply ruled that the Hawaii conviction could not be used to render defendant a fourth time felony offender, but the order never adjudicated defendant a multiple offender." Id. As such, the court concluded: "When the State filed a second multiple offender bill of information on November 17, 2005, no adjudication of defendant as a multiple offender had been made. No proceedings were held in connection with the second multiple bill." Id. Based upon the

---

[2] A copy of the state appellate court's January 13, 2006 unpublished opinion is contained in the State rec., vol. 3 of 7, pp. 84-86.

[3] See State rec., vol. 3 of 7, p. 90.

4

above, the Louisiana Fifth Circuit provided:

> [W]e find that when the State filed the second multiple bill prior to any adjudication of defendant as a multiple offender, the second multiple bill rendered the first multiple bill and all related proceedings null and void, thereby rendering defendant's issue regarding lack of notice of the Hawaii conviction moot. Accordingly, because the proceedings on the first multiple bill of information are null and void and there have been no proceedings regarding the second multiple bill of information, we vacate the defendant's adjudication as a fourth felony offender and his sentence, and we remand the case for new proceedings relating to the second multiple bill, including an admit or deny hearing and a multiple bill hearing.

Id. at 279.

On February 28, 2007, the district court, pursuant to the state appellate court's second remand, conducted a multiple offender hearing. Following said hearing, the court determined petitioner to be a fourth-felony offender and sentenced him to imprisonment for a term of twenty years.[4]

On April 15, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's adjudication as a fourth-felony offender and his resulting twenty-year sentence. State v. Alo, 984 So.2d 877 (La. App. 5 Cir. 2008). On January 16, 2009, the Louisiana Supreme Court denied petitioner's writ application. State v. Alo, 998 So.2d 90 (La. 2009). Ninety days later, on April 15, 2009, Alo's conviction became final when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. See Ott v.

---

[4] See State rec., vol. 4 of 7, p. 7.

5

Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834 (2000)(citing 28 U.S.C. §2244(d)(1)(A)); see also United States v. Gamble, 208 F.3d 536 (5th Cir. 2000).

Following the finality of his conviction and sentence, petitioner did not seek state post-conviction relief, but rather, on April 7, 2009, filed the above-captioned federal habeas corpus petition.[5] In the instant matter, petitioner raises the following claims: 1) the State did not provide adequate notice of its intention to use his prior Hawaii conviction to enhance his sentence as a multiple offender and the state appellate court erred in failing to address the merits of this issue;[6] and, 2) the evidence was insufficient to prove the validity of his Hawaii conviction. In its response (rec. doc. 10, p. 4), the State concedes that petitioner, as required by Rose v. Lundy, 455 U.S.

---

[5] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Petitioner dated his signature on the application on April 7, 2009. This date is the earliest date on which petitioner could have submitted his pleadings to prison officials for mailing.

[6] Issue 1), set forth above, encompasses grounds one, three and four in petitioner's habeas application (rec. doc. 1, pp. 5 and 6).

6

509, 102 S. Ct. 1198 (1982), has exhausted his state court remedies and that the instant action is timely under 28 U.S.C. §2244(d). Before proceeding to the merits of petitioner's claim, the Court shall review the applicable facts.[7]

At approximately 4:50 a.m. on April 1, 2003, Deputy John Terranova with the Kenner Police Department responded to a disturbance call at the Juke Box restaurant on Williams Blvd. When he entered the restaurant, he observed petitioner slumped over at the bar asleep with his head in a plate of food. Deputy Terranova woke petitioner, had him pay for his meal, and escorted him outside to further investigate the matter. According to Deputy Terranova, petitioner did not know where he was or what was going on. Deputy Terranova asked him for identification, which petitioner had to retrieve from his wallet inside his cab that was parked at the restaurant. When petitioner retrieved his wallet, Deputy Terranova observed a clear plastic bag containing green vegetable-like matter in the car. Deputy Terranova retrieved the bag and arrested petitioner.

Petitioner was transported to the Kenner jail where he was searched by Deputy Michael Lacrouts. Deputy Lacrouts found two white tablets in the left front pocket of petitioner's pants. The pills later tested positive for alprazolam.

---

[7]The facts are taken from the Louisiana Fifth Circuit Court of Appeal's opinion, <u>State v. Alo</u>, 886 So.2d 1130 (La. App. 5 Cir. 10/12/04).

7

At trial, petitioner testified he suffered from back problems resulting from three separate car accidents. He stated he obtained the pills from a friend to relieve his back pain. He paid $5 for the pills. Petitioner testified he was unaware what the pills were, but his friend told him the pills would help the pain and help him sleep. He stated he took one-fourth of one pill, which knocked him out, approximately ten minutes before he was arrested.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") included a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. §2254. Amended subsections 2254(d)(1) and (2) now contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law where there has been an adjudication on the merits in state court proceedings.

State court determinations of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. §2254(d)(1) and receive deference unless they were "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000), cert. denied, 532 U.S. 1039, 121 S.Ct. 2001 (2001)(quoting §2254(d)(1)). The United States Supreme Court has advised that:

> [u]nder the "contrary to" clause, a federal habeas corpus

> court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); Hill, 210 F.3d at 485. Questions of fact found by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill, 210 F.3d at 485 (quoting §2254(d)(2)).

## III. ANALYSIS

### A. Inadequate Notice of Intent to Use Hawaii Conviction to Enhance Sentence

Petitioner asserts that he was not provided with adequate notice of the State's intent to use his Hawaii conviction to enhance his sentence because his Hawaii conviction was not contained in the initial multiple bill of information lodged against him by the State. Petitioner also contends that the state appellate court erred in failing to specifically address this issue. Based upon the following, the court finds that petitioner's claims do not warrant federal habeas corpus relief.

9

All proceedings related to the State's original multiple bill, i.e, the multiple bill which did not include petitioner's Hawaii conviction, were declared null and void by the Louisiana Fifth Circuit Court of Appeal. See Alo, 948 So.2d at 279.[8] By virtue of the court's action in this regard, petitioner's multiple offender proceedings began anew based upon the State's second multiple bill which provided petitioner with notice of the State's intention to use his prior Hawaii conviction for purposes of having him adjudicated a fourth-felony offender. Such action, as the state appellate court recognized, "render[ed] defendant's issue regarding lack of notice of the Hawaii conviction moot." Id. Accordingly, this Court finds petitioner suffered no violation of his constitutional rights by virtue of the State's initial multiple bill which did not provide him with proper notice of the Hawaii conviction nor was he prejudiced by the fact that the Louisiana Fifth Circuit did not address the merits of this issue.[9]

**B. Inadequate Evidence Regarding Validity of Hawaii Conviction**

---

[8]See also discussion supra at pp. 4-5.

[9]An explanation for the Louisiana Fifth Circuit's failure to specifically address the issue regarding lack of notice can be attributed to the fact that, when the matter was brought before the appellate court, pursuant to the State's appeal of the district court's November 16, 2005 decision, the State "included only the second habitual offender bill ... for [the state appellate court's] review." See Alo, 984 So.2d at 879.

Petitioner claims that the State submitted insufficient evidence of the constitutionality of his prior Hawaii conviction and, therefore, said conviction could not properly be used against him to adjudicate him to be a fourth-felony offender. Specifically, petitioner complains that the State failed to show that he was properly "Boykinized in his Hawaii case". (Rec. doc. 1, p. 5).

The above claim is without merit in light of the Supreme Court's holding in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 396, 121 S.Ct. 1567, 1570 (2001), wherein the Supreme Court determined that generally, "federal postconviction relief is [not] available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." The Court reasoned that:

> [o]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.... If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, 532 U.S. at 403-04, 121 S.Ct. at 1574.[10]

---

[10]There are two exceptions to the above general rule. One exception is with respect to habeas petitions challenging an enhanced sentence "on the basis that the prior conviction used to

11

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Taisi Alo for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this ___3rd___ day of ___November___,

---

enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment...." Lackawanna, 532 U.S. at 404, 121 S.Ct. at 1574. The second exception might lie, albeit in a rare circumstance, where through no fault of his own, there was no channel of review actually available to petitioner through which he might have timely challenged his prior conviction. Lackawanna, 532 U.S. at 405, 121 S.Ct. at 1575. Neither of these exceptions are applicable in the instant situation.

2009.

                                                                                 _____
                                                                                          ALMA L. CHASEZ
                                     UNITED STATES MAGISTRATE JUDGE